IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER KINNEY**                                                                    **PLAINTIFF**

V.                              CASE NO. 5:20-CV-5083-TLB

**MATTHEW BARTHOLOMEW;**
**GWENDOLYN BARTHOLOMEW;**
**THE BARTHOLOMEW INSURANCE AGENCY, LLC;**
**RJ INVESTMENTS HOLDINGS, LLC**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Kinney brought this action, both individually and derivatively on behalf of RJ Investments Holdings, LLC ("RJ Investments"), against Matthew and Gwendolyn Bartholomew, a married couple, and The Bartholomew Insurance Agency, LLC (collectively "Defendants"). RJ Investments is named as a nominal defendant in the action. The case was originally filed in the Circuit Court of Benton County, Arkansas, but arrived before this Court by way of the action's removal pursuant to 21 U.S.C. §§ 1332 and 1441(b), with subject matter jurisdiction based on alleged diversity of jurisdiction.

Before the Court are four ripe motions: Plaintiff Christopher Kinney has filed a Motion for Preliminary Injunction, a Motion for a Temporary Restraining Order, an Amended Motion for Temporary Restraining Order, and a Motion to Remand (Docs. 5, 6, 7, 14); and Defendants have filed a Motion to Dismiss for Failure to Join a Required Party in which they argue that Mr. Kinney's action should be dismissed in its entirety (Doc. 10).

1

Having considered all relevant materials,[1] the Court **GRANTS** Mr. Kinney's Motion to Remand (Doc. 14) for the reasons discussed below.

## I. BACKGROUND

This action arises out of a dispute between two business partners. These partners, Mr. Kinney, an Arkansas resident, and Mr. Bartholomew, a resident of Missouri, purchased an Allstate Insurance Agency in Benton County, Arkansas in 2011. (Doc. 3, ¶ 9). To facilitate this purchase, they set up two entities: a holding company, called RJ Investments, and an operating company, "The Kinney & Bartholomew Group, LLC" ("K&B"). *Id.* at ¶¶ 10, 12. Mr. Kinney and Mr. Bartholomew each owned a 50% interest in RJ Investments. *Id.* at ¶ 10. As for K&B, Mr. Kinney owned a 51% interest and Mr. Bartholomew owned a 49% interest. *Id.* at ¶ 12. In 2019, Mr. and Ms. Bartholomew purchased Mr. Kinney's interest in K&B by paying him $200,000 in cash and providing him with a promissory note for $50,000 to be paid over 48 months. *Id.* at ¶ 15.

To finance the original purchase of the Allstate Insurance Agency, RJ Investments borrowed $165,000 from Anette Liles. *Id.* at ¶ 11. Pursuant to the promissory note between RJ Investments and Ms. Liles, RJ Investments was to make monthly installments of $1,304.80 to Ms. Liles. *Id.* at ¶ 13. Ms. Liles sometimes requested that RJ Investments not pay the monthly installments, and the practice instead arose that RJ Investments would forward funds to Ms. Liles upon request. *Id.* Mr. Kinney represented to Ms. Liles that the money she was due was held for her in trust in an RJ Investments bank account. *Id.*

---

[1] Mr. Kinney filed a Memorandum Brief in Support of his Motion to Remand (Doc. 15), Defendants filed a Response to the Motion to Remand (Doc. 16) and Memorandum Brief in Support of that Response (Doc. 17), and Mr. Kinney filed a Reply (Doc. 20).

According to Mr. Kinney, on January 7, 2020, Mr. Bartholomew, without authorization or knowledge of the majority of RJ Investments' shareholders, withdrew $175,000 from the RJ Investments account where Ms. Liles' money was deposited. *Id.* at ¶¶ 16, 35–36. After multiple attempts to settle this matter out of court, Mr. Kinney brought an action against Defendants in the Circuit Court of Benton County, Arkansas demanding the return of the $175,000 to the RJ Investments account in addition to other relief. *Id.* at ¶¶ 7, 17, 63.

Mr. Bartholomew's version of events is quite different. He asserts that Mr. Kinney had withdrawn substantial amounts of money from the RJ Investments account for personal use and other fraudulent purposes. (Doc. 8, p. 4). He also alleges that the RJ Investments account was under Mr. Bartholomew's sole control until May 2019 and that Mr. Kinney forged Mr. Bartholomew's signature on checks sent to Ms. Liles. *Id.* at p. 5. Mr. Bartholomew also explains that Mr. Kinney was forced to sell his interest in K&B because Allstate Insurance revoked Mr. Kinney's license. *Id.* After that sale, Mr. Bartholomew discovered that Mr. Kinney had taken excess distributions from their business ventures; as a result of Mr. Kinney's alleged malfeasance, Mr. Bartholomew estimates he lost approximately $300,000 to $400,000. *Id.* at 6. In order to mitigate his damages, Mr. Bartholomew explains that he removed $175,000 from RJ Investments' bank account. *Id.* at 6.

Mr. Bartholomew also points out that the promissory note between RJ Investments and Ms. Liles is unsigned and perhaps unenforceable under Arkansas' statue of frauds. *Id.* at 7. Further, Mr. Bartholomew asserts that Mr. Kinney procured the loan from Ms.

Liles before RJ Investments was formed, and therefore RJ Investments is not liable for the debt. *Id.*

On April 15, 2020, Mr. Kinney filed his complaint in the Circuit Court of Benton County, Arkansas. He brought four claims in his individual capacity, but he also alleged the following derivative claims against Mr. and Ms. Bartholomew: (1) unjust enrichment; (2) conversion; (3) conspiracy; (4) injunctive relief; and (5) punitive damages. On April 22, Mr. Kinney filed a Motion for Preliminary Injunction (Doc. 5), Motion for a Temporary Restraining Order (Doc. 6), and Amended Motion for a Temporary Restraining Order (Doc. 7) in the state action, and Defendants responded (Docs. 8 & 9). While these motions were pending, Defendants removed the action to this Court on the basis of diversity jurisdiction. Specifically, Defendants allege that they are all citizens of Missouri and that Mr. Kinney is a citizen of Arkansas (Doc. 1, p. 2).

Once before this Court, Defendants filed a Motion to Dismiss for Failure to Join a Required Party (Doc. 10), arguing that Ms. Liles is a necessary party to this action under Rule 19 of the Federal Rules of Civil Procedure. Mr. Kinney responded to the Motion to Dismiss (Doc. 13) and then filed a Motion to Remand (Doc. 14), which is now ripe.

## II. LEGAL STANDARD

The Court must first take up the Motion to Remand, as "[i]t is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). An action may be removed from state to federal court if it is one in which district courts would have original jurisdiction. 28 U.S.C. § 1441(a). If a federal court lacks subject matter jurisdiction over a removed action, the case must be remanded to the

originating court. *See* 28 U.S.C. § 1447(c). "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)).

## III. DISCUSSION

Defendants assert removal was proper under § 1441 because, had Mr. Kinney filed his action in federal court, federal subject matter jurisdiction over the action would have been present on the basis of diversity of citizenship. *See* Doc. 1, p. 2. Diversity jurisdiction exists when the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction under § 1332(a) only exists, however, when there is complete diversity between the adverse parties, *i.e.*, only when no plaintiff is a citizen of the same state as any defendant. *Lincoln Prop Co. v. Roche*, 546 U.S. 81, 89 (2005).

The parties agree that Mr. Kinney is a citizen of Arkansas while Defendants' citizenship—with the exception of RJ Investments—is in Missouri. All parties appear to concede that RJ Investments is a citizen of both Arkansas and Missouri.[2] Mr. Kinney asserts a lack of complete diversity of citizenship because he is a citizen of Arkansas and RJ Investments (a defendant) is also a citizen of Arkansas. Defendants argue, however, that RJ Investments' citizenship, as a nominal party, has "no bearing on diversity." (Doc. 17, p. 2). In support of their position, Defendants cite to *Midwestern Indemnification*

---

[2] "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

5

*Company v. Brooks*, 779 F.3d 540 (8th Cir. 2015) as well as to multiple out-of-circuit decisions holding that nominal parties may be ignored when determining whether diversity jurisdiction exists. Mr. Kinney retorts that the cases cited by Defendants are inapposite, and he argues that it is hornbook law that an entity for whom derivative claims have been asserted is a necessary party whose citizenship is considered for diversity purposes. (Doc. 20, pp. 2–3).

It appears Mr. Kinney has the better side of this legal argument. "'[D]iversity of citizenship is determined by reference to the parties named in the proceeding before the district court, as well as any indispensable parties who must be joined pursuant to Rule 19'" of the Federal Rules of Civil Procedure. *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010) (quoting *Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 445 (2d Cir. 1995)). The Eighth Circuit Court of Appeals has held that, in a derivative action commenced on behalf of an entity, the entity itself is a necessary party under Rule 19. *Buckley v. Control Data Corp.*, 923 F.2d 96, 98 (8th Cir. 1991) ("It is well established that an entity on whose behalf a derivative claim is asserted is a necessary defendant in a derivative action.") (citations omitted). Thus, to the extent Mr. Kinney brings derivative claims on RJ Investments' behalf, RJ Investments' citizenship is considered for diversity purposes, regardless of whether RJ Investments is styled as a "nominal" party.

In the alternative, Defendants argue that Mr. Kinney's claims are not truly brought on RJ Investments' behalf; in other words, they assert that RJ Investments does not have a real stake in this litigation. Whether Mr. Kinney's claims are direct or derivative is a question of Arkansas law. *See Buckley*, 923 F.2d at 98. Under Arkansas law, "[a]ny

judgment on [a] derivative claim inures to the direct benefit of the corporation," while direct claims are made to remedy personal losses. 1 *Arkansas Law of Damages* § 15:7 (citing *Hames v. Cravens*, 966 S.W.2d 244 (1998)). In his Complaint, Mr. Kinney alleges four claims that are styled as derivative—unjust enrichment, conversion, conspiracy, injunctive relief, and punitive damages—and each of those claims is directed at recovering the $175,000 taken from the RJ Investments bank account. He also alleges multiple individual claims seeking relief for his personal injuries. Simply put, the gravamen of Mr. Kinney's Complaint is that Mr. Bartholomew wrongfully withdrew $175,000 from RJ Investments' account, thereby harming both RJ Investments as an entity and Mr. Kinney in his individual capacity. In other words, the Court reads the Complaint as making both direct and derivative claims, and RJ Investments will benefit if Mr. Kinney succeeds on his derivative claims. Thus, RJ Investments is a real party in interest and a necessary party under Rule 19.[3]

Since RJ Investments is a necessary party, complete diversity is lacking because Mr. Kinney (the plaintiff) and RJ Investments (a defendant) are both citizens of Arkansas. Even if the Court were inclined to realign RJ Investments as a plaintiff, the same problem would exist because RJ Investments and at least one defendant (Mr. Bartholomew) are citizens of Missouri. Thus, regardless of how RJ Investments is aligned, complete diversity would still be lacking. As another district court aptly put it, "where a LLC and squabbling LLC members form a cohort of adverse parties—federal diversity jurisdiction

---

[3] Even the cases cited by Defendants implicitly concede that an entity may be a real party in interest. *See Midwestern Indem. Co.*, 779 F.3d at 544 ("A party therefore may be ignored for diversity or removal purposes *if* that party is not a real party in interest" (emphasis added) (internal quotation marks and citations omitted)).

over the squabble is not available under § 1332(a)." *Atanasio v. O'Neill*, 235 F. Supp. 3d 442, 426 (E.D.N.Y. 2017) (citations omitted). Accordingly, due to a lack of subject matter jurisdiction over this action, it must be remanded to state court.

## IV. CONCLUSION

For the foregoing reasons, Mr. Kinney's Motion to Remand (Doc. 14) is **GRANTED**. The Clerk of Court is directed to **REMAND** immediately this case to the Circuit Court of Benton County, Arkansas. The remaining pending motions in this case (Docs. 5, 6, 7, 10) are preserved for later resolution by the state court.

**IT IS SO ORDERED** on this 17th day of August, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE